**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JEFFREY LYNN NIELSEN,

Petitioner,

v.

CITY OF GRANT,
WILLIAM M. HUTTON, Sheriff,
WASHINGTON COUNTY, and
STATE OF MINNESOTA,

Respondents.

Civil No. 13-3543 (SRN/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On October 4, 2010, a man named Mueller observed Petitioner driving a vehicle that had some campaign signs strapped on top of it. Mueller believed the signs had been stolen, so he reported his suspicion to the Washington County Sheriff, and he followed Petitioner's vehicle. When Petitioner stopped and parked, Mueller stopped and parked nearby, and a verbal confrontation then ensued between Petitioner and Mueller.

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(See Petition, [Docket No. 1], p. 2.)

A sheriff's deputy later investigated Mueller's report about the campaign signs that were seen on top of Petitioner's vehicle. Mueller also reported the verbal confrontation he had with Petitioner, and that matter also was investigated. On October 11, 2010, Petitioner was charged with theft, disorderly conduct and two traffic offenses arising from the incidents that occurred on October 4, 2010. (Id.) Four days later, Petitioner sued Mueller (and others) for fraud, conspiracy and malicious prosecution. (Id.)

The traffic and theft charges brought against Petitioner were dismissed, but he ultimately went to trial on the surviving disorderly conduct charge. (Id.) On March 30, 2011, a jury found Petitioner guilty of disorderly conduct. (Id., p. 8.) He was later sentenced to a $1000 fine and 90 days in jail, with $700 and 89 days suspended for one year. (Id.) Petitioner was allowed to perform eight hours of community service in lieu of his one-day jail term. (Id.)

After Petitioner was convicted and sentenced, he filed an appeal that raised several legal challenges. Petitioner claimed that the prosecution failed to disclose certain allegedly exculpatory evidence, that he was denied a fair trial because of prosecutorial misconduct, and that he was otherwise denied due process and the right to a fair trial. The Minnesota Court of Appeals denied all of Petitioner's claims on the merits, and upheld his conviction and sentence. Nielsen v. State, No. A13-260 (Minn.App. 2013), 2013 WL 3968788 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on October 15, 2013. Id.

Petitioner's current habeas corpus petition was filed on December 16, 2013. The petition raises several of the same claims that previously were presented in Petitioner's

state court appeal – i.e., failure to disclose exculpatory evidence and prosecutorial misconduct.

This Court previously reviewed Petitioner's submissions in this case, and noted that he appears to have fully completed the relatively short (90-day) jail sentence that was imposed following his disorderly conduct conviction.  Moreover, it appears that the one-year suspension period included in Petitioner's sentence has expired, and thus he is no longer subject to any ongoing probation or other restrictions related to his sentence. Because it appears that Petitioner's sentence has been fully served and completed, it appears that he was not "in custody" when he filed his petition, as required by 28 U.S.C. § 2254(a).  Petitioner was therefore ordered to show cause why this case should not be summarily dismissed pursuant to the statutory "in custody" requirement .  (See Order dated December 20, 2013, [Docket No. 5].)

Petitioner has now filed his Response to the Order to Show Cause, (Docket No. 6), and that Response confirms that Petitioner had indeed fully served his sentence before he filed his current petition, and he was not "in custody" when he commenced this action.[2] That being the case, none of Petitioner's current habeas corpus claims can be addressed on the merits, and this action must be summarily dismissed for lack of jurisdiction.

---

[2]   Petitioner's Response to the Order to Show Cause, (Docket No. 6, p. 3), states that:

> "Mr. Nielsen was convicted of disorderly conduct following a trial by jury, on March 30, 2011.  He was sentenced to 90 days in jail and a $1,000.00 fine, 89 days of jail $700.00 of the fine were stayed for one (1) year.  In lieu of serving one (1) day in jail Petitioner was authorized to perform eight (8) hours of community service.  Mr. Nielsen was discharged from probation on March 29, 2012."  (Emphasis added.)

## II. DISCUSSION

Federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam), citing 28 U.S.C. § 2254(a).  The "in custody" requirement is a jurisdictional requirement.  Id. at 490.  If a habeas petitioner is not "in custody" under the conviction and sentence he is challenging, as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction.  See Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995).

Petitioner contends that this case should not be dismissed based on the "in custody" requirement, because he is still subject to, and suffering from, various "collateral consequences" resulting from his disorderly conduct conviction.  That argument must be rejected.

The Court recognizes that Petitioner's conviction may indeed be causing various ongoing "collateral consequences."  Petitioner asserts that his conviction has adversely affected his civil lawsuit against Mueller (and others); the conviction has complicated his efforts to comply with certain state licensing requirements; and the conviction has harmed his reputation, and caused him to lose business.  (See Petitioner's Response to Order to Show Cause, [Docket No. 6], p. 7.)  The Court does not question the validity of those assertions.

The fact remains, however, that collateral consequences alone simply cannot

satisfy the jurisdictional "in custody" requirement of the federal habeas corpus statute. The Supreme Court plainly stated in Maleng that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.[3]

Collateral consequences can be significant if the statutory "in custody" requirement is satisfied when a habeas petition is filed, and jurisdiction therefore exists at the outset of the case. If the "in custody" requirement is satisfied when a petition is filed, the collateral consequences of the petitioner's conviction can prevent the case from becoming moot if the petitioner is released from custody before his petition is finally adjudicated. As long as a habeas petitioner was "in custody," (under the conviction and sentence challenged in his petition), when his case was filed, a federal court is not divested of jurisdiction by the petitioner's later release from custody. Maleng, 488 U.S. at 491-92 (a habeas petitioner's release from custody while his habeas case is pending does not preclude a federal court from considering the constitutionality of the petitioner's conviction, because "the 'collateral consequences' of the petitioner's conviction... prevent[ ] the case from being moot"). See also Carafas v. LaVallee, 391 U.S. 234, 238

[3] The Court further explained that --

> "In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."

490 U.S. at 491.

(1968) ("once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application").

However, while the collateral consequences of a conviction can prevent a habeas case from becoming moot if the habeas petitioner is released from custody while his petition is still pending, collateral consequences alone will not satisfy the jurisdictional "in custody" requirement that must be met at the outset of every habeas case.  Maleng, 490 U.S. 491-92.  Therefore, even though the present Petitioner may very well be experiencing adverse consequences from his 2011 disorderly conduction conviction, those collateral consequences do not cause him to be currently "in custody" under that conviction for purposes of § 2254(a).

> Again, the collateral consequences of a conviction, (i.e., consequences that survive a habeas petitioner's release from custody), can prevent a habeas case from becoming moot if a petitioner is released from custody while his petition is pending.  Carafas, supra.  However, to satisfy the jurisdictional "in custody" requirement, the petitioner must be "in custody" for the conviction or sentence he is challenging when he files his petition.  Maleng, supra.  If the petitioner is not "in custody" when he files his petition, any still-remaining collateral consequences of his conviction alone will not satisfy the jurisdictional "in custody" requirement.  See Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) ("even as the Supreme Court has expanded the reach of the 'in custody' requirement, it has consistently recognized a clear limitation: '[O]nce the sentence imposed for a conviction

has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it'") (quoting Maleng, 490 U.S. at 492), cert. denied, 525 U.S. 1081 (1999).

Petitioner next tries to satisfy (or circumvent) the "in custody" requirement, by presenting a homespun argument described as the "'no fault' exception." (See Petitioner's Response to Order to Show Cause, [Docket No. 6], pp. 7-10.) He contends that one of his claims – i.e., that the prosecutor failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) – was not discovered (or discoverable) until after his sentence for his disorderly conduct conviction had expired. Petitioner also points out (quite correctly) that he could not seek federal habeas review of his Brady claim until after he had exhausted his state court remedies for that claim. See 28 U.S.C. § 2254(b). Because the grounds for Petitioner's Brady claim were (allegedly) hidden by the county attorney's office, and because of the exhaustion of state remedies requirement, it was impossible, Petitioner contends, for him to seek federal habeas relief while he was still "in custody" for the disorderly conduct conviction that he is attempting to challenge here.

The Court accepts Petitioner's contention that, as a practical matter, he could not have filed his current habeas petition while he was still "in custody" for the conviction at issue here. However, the Court rejects the suggestion that Petitioner should therefore be excused from the "in custody" requirement.

Petitioner's "'no fault' exception" argument is not sustainable, because it is not

supported by any legal authority. Petitioner cites a single case to support his argument – Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001) – and that case actually undermines his argument. In Coss, a prisoner filed a habeas corpus petition while he was in custody pursuant to a 1990 criminal conviction. The prisoner argued that the sentence he was currently serving should be set aside, because that sentence was enhanced pursuant to three prior 1986 convictions that allegedly were flawed. The Supreme Court reiterated in Coss that "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Id. at 401, quoting 28 U.S.C. § 2254(a). The Court specifically pointed out that the prisoner in Coss "is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." Id. In other words, the Supreme Court said that the prisoner could challenge the sentence he was presently serving, but he could not have directly challenged the validity of the 1986 convictions, because he was no longer "in custody" for those convictions. Thus, Coss reinforces the principle that a federal habeas petitioner must be "in custody," for the conviction or sentence he is challenging, when he files his petition.[4]

The Supreme Court did also recognize in Coss that there could be cases in which a prisoner, through no fault of his own, was unable to seek timely federal habeas review of

[4] In both Coss and Maleng, the Supreme Court considered whether a habeas petitioner can challenge a sentence enhancement, by claiming that it was based on an allegedly defective conviction in a previous case. In both cases, the Court held that the petitioners satisfied the jurisdictional "in custody" requirement for a collateral challenge to the later enhanced sentence. Here, however, Petitioner is not presently "in custody" pursuant to a sentence that was affected by his 2011 disorderly conduct conviction. Therefore, Petitioner's present case is readily distinguishable from Maleng and Coss.

a prior conviction that caused a sentence enhancement in a later case. Id. at 405. In such situations, the Court said, a prisoner might sometimes be able to challenge the enhanced sentence imposed in the later case, by arguing that the prior conviction was constitutionally invalid. Id. at 406 ("[i]n such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction") (emphasis added). The Supreme Court never suggested, however, that a habeas petitioner can challenge a fully-expired prior conviction, if he is not "in custody" pursuant to a subsequent enhanced sentence when he files his petition. Because Petitioner is not currently "in custody" pursuant to a sentence that was enhanced by reason of his 2011 disorderly conduct conviction, the "exception" discussed in Coss is not apposite here.

Petitioner believes that it would be a travesty of justice to allow the state prosecutor to evade his Brady claim, simply because he is no longer "in custody" for the conviction at issue. (See Petitioner's Response to Order to Show Cause, [Docket No. 6], pp. 9-10.) However, Petitioner misapprehends the purpose, and the limited scope, of 28 U.S.C. § 2254. The federal habeas corpus statute does not authorize federal courts to conduct wide-ranging reviews of the practices and procedures used in state criminal prosecutions. The statute provides a very limited opportunity for an individual in state custody to challenge the constitutionality of his current confinement in federal court. Section 2254 does not guarantee that every state court criminal conviction is subject to review in federal court. If a convicted state court criminal defendant is no longer "in custody" when he applies for federal habeas review of his conviction, then his conviction is not reviewable in

a federal district court. See Charlton, supra.[5] This might seem wrong to Petitioner, but Congress has not made habeas corpus review available for everyone who has ever suffered an allegedly wrongful criminal conviction in state court. Thus, for example, a state court conviction that results in only a fine, and not any form of confinement, is never reviewable in a federal habeas proceeding. Russell v. City of Pierre, S.D., 530 F.2d 791 (8th Cir.), cert. denied, 429 U.S. 855 (1976). Similarly, if a convicted state criminal defendant is no longer "in custody" when he first satisfies all of the other prerequisites for seeking federal habeas relief, (including the exhaustion of state remedies requirement), his conviction may never be reviewable in a federal habeas proceeding.

In sum, Petitioner cannot challenge his 2011 disorderly conduct conviction in the present federal habeas corpus proceeding, because his sentence in that case has been fully completed, and he was not "in custody" under that conviction when he filed this action. Because the statutory "in custody" requirement is not satisfied, Petitioner's current habeas corpus petition must be summarily dismissed for lack of jurisdiction. Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997) (per curiam); Charlton, 53 F.3d at 929.

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To

[5] Such a conviction might, however, still be reviewable in the United States Supreme Court, by seeking certiorari review of the final state court ruling on the conviction.

make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED FOR LACK OF JURISDICTION**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: January 15, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 31, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo

determination of those portions of the Report to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.