**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jeffrey Lynn Nielsen,<br><br>Petitioner,<br><br>v.<br><br>City of Grant, William M. Hutton, Washington County, and State of Minnesota,<br><br>Respondents. | Case No. 13-cv-3543 (SRN/JJK)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Charles L. Hawkins, 150 South Fifth Street, Suite 3260, Minneapolis, Minnesota 55402, for Petitioner.

Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota 55101; Nicholas J. Vivian and Thomas J. Weidner, Eckberg Lammers Briggs Wolf & Vierling, PLLP, 1809 Northwestern Avenue, Suite 110, Stillwater, Minnesota 55082, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

**I.    INTRODUCTION**

This matter is before the Court on Petitioner's Objections [Doc. No. 9] to United States Magistrate Judge Jeffrey J. Keyes's January 15, 2014, Report and Recommendation ("R&R") [Doc. No. 8].  For the reasons that follow, the Court overrules Petitioner's Objections and adopts the R&R in its entirety.

**II.    BACKGROUND**

The Magistrate Judge's R&R thoroughly documents the factual and procedural background of the case, which is incorporated here by reference.  On December 16, 2013,

1

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Pet. for Writ of Habeas Corpus [Doc. No. 1].)  This matter was referred to Magistrate Judge Keyes for preliminary review, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  (Dec. 20, 2013, Order at 1 [Doc. No. 5].)  The Magistrate Judge ordered Petitioner to show cause why this action should not be dismissed by reason of the "in custody" requirement of 28 U.S.C. § 2254.  (Id. at 3.)  Petitioner responded on January 8, 2014.  (Resp. to Dec. 20, 2013 Order to Show Cause [Doc. No. 6].)

On January 15, 2014, the Magistrate Judge issued the R&R at issue, recommending that: (1) Petitioner's application for a writ of habeas corpus [Doc. No. 1] be denied; (2) this action be dismissed for lack of jurisdiction; and (3) Petitioner should not be granted a Certificate of Appealability.  (Jan. 15, 2014, R&R at 11 [Doc. No. 8].)  In short, the Magistrate Judge reasoned that Petitioner could not challenge his 2011 disorderly conduct conviction in the present federal habeas corpus proceeding, because his sentence in that case had been completed fully, and Petitioner was not "in custody" under that conviction when he filed this action.  (Id. at 10.)  Because the statutory "in custody" requirement was not met, the Magistrate Judge recommended that the instant petition be summarily dismissed for lack of jurisdiction.  (Id.)  The Magistrate Judge also declined to issue a Certificate of Appealability, finding it "highly unlikely" that any court would decide Petitioner's claims any differently and Petitioner had not identified anything that warranted appellate review.  (Id. at 10-11.)

On January 31, 2014, Petitioner filed his objections to the R&R.  (Objections to Magistrate Judge's Report and Recommendation [Doc. No. 9].)

### III. DISCUSSION

#### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

#### B. Objections

Petitioner objects that "the Magistrate did not consider the fact that the date on which the impediment which prevented Mr. Nielsen from filing his § 2254 Petition for Habeas Corpus Relief wasn't removed until after he was out of custody." (Objections at 2 [Doc. No. 9].) Petitioner claims that on June 26, 2012, he discovered a <u>Brady</u> violation during discovery in a civil lawsuit, by which time his probation already had expired on March 30, 2012. (<u>Id.</u>) Petitioner alleges that the <u>Brady</u> material was received by the prosecutor on March 21, 2011, but was "intentionally suppressed" from Petitioner. (<u>Id.</u>) Citing 28 U.S.C. § 2244(d)(1)(B) and (d)(1)(D), Petitioner views this "intentional misconduct" as state action that prevented Petitioner from bringing his § 2254 while he was "in custody." (<u>Id.</u> at 3.)

The Court respectfully disagrees. In fact, the Magistrate Judge acknowledged Petitioner's very argument in the R&R:

> . . . He [Petitioner] contends that one of his claims—i.e., that the prosecutor

3

> failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373
> U.S. 83 (1963)—was not discovered (or discoverable) until after his sentence
> for his disorderly conduct conviction expired.  Petitioner also points out (quite
> correctly) that he could not seek federal habeas review of his Brady claim
> until after he had exhausted his state court remedies for that claim.  See 28
> U.S.C. § 2254(b).  Because the grounds for Petitioner's Brady claim were
> (allegedly) hidden by the county attorney's office, and because of the
> exhaustion of state remedies requirement, it was impossible, Petitioner
> contends, for him to seek federal habeas relief while he was still "in custody"
> for the disorderly conduct conviction that he is attempting to challenge here.

(Jan. 15, 2014, R&R at 7 [Doc. No. 8].)  The Magistrate Judge proceeded to reject the suggestion that Petitioner should therefore be excused from the "in custody" requirement because the only case cited by Plaintiff on this issue, Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), actually undermined Petitioner's argument.  (Id. at 8-9.)  The Magistrate Judge also noted the limited opportunity provided by 28 U.S.C. § 2254 "for an individual in state custody to challenge the constitutionality of his current confinement in federal court," and that the statute "does not guarantee that every state court criminal conviction is subject to review in federal court."  (Id. at 9.)  Petitioner does not identify new facts or case law in his Objections, and the Court agrees with the Magistrate Judge's reasoning.  Thus, the Court denies Petitioner the relief he seeks under 28 U.S.C. § 2244(d)(1)(B) and (d)(1)(D).

Next, Petitioner argues that equitable tolling applies, because "the intentional prosecutorial misconduct in suppressing the Brady information created the circumstances giving rise to Petitioner not being 'in custody.'"  (Objections at 4 [Doc. No. 9].)  Again, the Court respectfully disagrees.  Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow

window of relief":

> Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction.

Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. at 806. Petitioner's grounds for equitable tolling lack any citation to the record, and regardless, they are insufficient to warrant the extraordinary remedy requested by Petitioner. The Court declines to apply equitable tolling.

Finally, Petitioner objects that the Magistrate Judge erred in denying a Certificate of Appealability. (Objections at 5 [Doc. No. 9].) In order to appeal a final ruling on a federal habeas corpus petition, a state prisoner must be granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that Petitioner has not made such a showing, and it does not issue a Certificate of Appealability.

**IV.    ORDER**

The Court **OVERRULES** Petitioner's Objections [Doc. No. 9] and **ADOPTS** the

Magistrate Judge's January 15, 2014, Report and Recommendation [Doc. No. 8].

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus [Doc. No. 1] is **DENIED**;

2. This action is **DISMISSED** for lack of jurisdiction; and

3. No Certificate of Appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:      April 16, 2014                    s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Court Judge